WALLACE, JUDGE:
In 1976, the claimant purchased a farm in Taylor County, West Virginia, which fronts approximately 201 feet on West Virginia Route 3/2 of Corbin Branch Road. Very few people lived on the road and it had been abandoned for maintenance purposes by the respondent.
In 1977, the claimant contacted the respondent’s Taylor County Office to remove some trees from the road so that he could get to his farm. Claimant contends that the respondent agreed to assist him in the upgrading of the road. He testified that he expended his own funds to remove the trees, do certain bulldozing work, and *419 install culverts furnished by the respondent. He further testified that if he did this work and furnished rock for part of the road, the respondent had agreed to furnish rock for a portion of the road. The claimant contends that he is entitled to a refund of the $3,859.00 he expended because the respondent did not do its share of upgrading the road.
Jim Beer, II, testified that he told the claimant that he would try to stablize the road and promised stone, “but never gave...a figure on how much or anything like that”. He stated that the respondent’s policy at the time was that a person could grade a road to the extent he wanted and the respondent would then maintain the road to that point. Mr. Beer further testified that the respondent put a total of 935 tons of stone on the road and furnished culverts which were installed by the claimant.
Paul Curry, Taylor County Maintenance Supervisor, testified that his responsibility was to work all roads in the county on a priority basis. When asked what work his crew did on the road, he replied, “...it has had some brush cut, like what we call blading in; we use existing road materials and just blade in and try to smooth up the ruts that would be there; we have spot stabilized it, added stone in places that needed shored up; we went in and extensively ditched it and modified some curves for some sight distances; really did more for the road than the amount of people on it, the priority of it. We did an excessive amount, really.”
The record does not establish claimant’s contention that the respondent did not aid in the upgrading of the road. On the contrary, the record establishes that the respondent did more than it would have done on similar rural roads. Accordingly, the Court denies the claim.
Claim disallowed.